## THE PEOPLE'S BANK OF THE CITY OF NEW YORK, APPELLANT, v. ST. ANTHONY'S ROMAN CATHOLIC CHURCH OF THE CITY OF BROOKLYN, ETC., AND OTHERS, RESPONDENTS.

*Money collected and deposited by a pastor of a church — cannot be reached by a judgment-creditor of the church.*

This action was brought by a judgment-creditor of a Roman Catholic church to secure the payment of his judgment from a fund deposited by the pastor of the church in his own name in a bank. The moneys so deposited were the contributions made by the members of the congregation, on successive Sundays, and were not contributed for any specific purpose.

*Held*, that as the plaintiff failed to show a complete gift to the church or that it had a clear title to the fund, the court properly refused to grant a temporary injunction restraining the pastor and bank from interfering with the fund.

APPEAL from an order made at Special Term denying a motion to continue a temporary injunction, by which the defendants O'Hare and the Mechanics' and Traders' Bank were enjoined from interfering with a sum of money on deposit with the defendant bank in the name of the defendant O'Hare, of which fund the plaintiff claims that the defendant, St. Anthony's Church, is the equitable owner, and which fund the plaintiff, who is a judgment-creditor of the church, with an execution returned unsatisfied, seeks to reach in this action, in satisfaction of the judgment debt.

This fund consists of collections taken up during service at St.

Anthony's Church, and was placed in the bank in his own name by the defendant O'Hare who is the pastor and one of the trustees of the church.

No statement was made at the time of the taking up of these collections, of the purposes to which they were to be devoted; nor were the contributors consulted as to the purposes for which they contributed the money.

*J. Alfred Davenport* and *Edward C. Perkins*, for the appellant.

*Roger A. Prior*, for the respondents.

Pratt, J.:

Irrespective of any technical objection raised by the defendants, we think an injunction was properly refused upon the merits.

The fund in question was deposited in bank, in the name of O'Hare, and he kept no other bank account.

The church never had the legal title to the fund or possession thereof, neither had the church withdrawn any assets from liability for its debts for the purpose of creating a trust for its benefit. There was certainly no express trust in favor of the church, impressed upon the fund at the time it was contributed and no direction as to how it should be used. It was not given for the purpose of paying the plaintiff so far as appears, but was given to O'Hare, in trust, perhaps, to be used as he saw fit. It was not the property of the church or subject to its control until O'Hare elected to spend it for the benefit of the church.

Under the circumstances disclosed, it rested in the discretion of O'Hare as to what purpose, for the benefit of the church, he should apply the money.

If the money had been contributed with the understanding that it should be devoted to paying the plaintiff's claim quite another question would be presented, but it seems nothing was said either by O'Hare or the contributors as to how the money should be used, and the presumption and fair inference is that O'Hare should have the power to use it in the manner he should deem best for the church, and until he so used it the same was a fund in the hands of an agent of the contributors and was, therefore, deposited by O'Hare in his own name and not as the funds of the church.

A gift to the church was not contemplated until the money was used for the church. In no sense could it be regarded as a completed gift, as the money was never delivered to the church.

A voluntary contributor of money can always direct to what purpose it shall be applied, and no creditor of the beneficiary can complain for the reason that the latter has no claim upon the former for the payment of his debt, and the creditor is not in any manner injured by the transaction as the debtor's estate is in no wise diminished and he is in no way rendered less capable of paying his debts.

For the reason that plaintiff's papers failed to show a completed gift to the church, or that it had a clear title to the fund in question, the relief asked for was properly denied.

Order should be affirmed, with costs.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Order affirmed, with costs.